UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ARVIE RAY BURCH, | Civil File No. 05-442 (DSD/AJB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court finds that Petitioner's habeas corpus application is barred by the statute of limitations. It will therefore be recommended that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

On September 4, 1997, Petitioner was convicted of first degree burglary in the State District Court for Hennepin County, Minnesota. He was sentenced to 240 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

Shortly after Petitioner was convicted and sentenced, he filed a direct appeal in the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Minnesota Court of Appeals. That appeal was dismissed by stipulation on April 1, 1997. ("Memorandum In Support Of § 2254 Motion Of Arvie R. Burch," [Docket No. 2], p. 2.)

On March 14, 2002, Petitioner filed the first of two state court post-conviction motions challenging his 1996 conviction and sentence. (Id.) That first post-conviction motion was denied by the trial court on June 17, 2002. (Id.) Petitioner appealed, but the Minnesota Court of Appeals affirmed the trial court's ruling, and the Minnesota Supreme Court denied Petitioner's application for further review. (Id.) See Burch v. State, No. C3-02-1412 (Minn.App.), 2003 WL 1907985 (unpublished opinion), rev. denied, (July 15, 2003).

Petitioner filed a second post-conviction motion in the trial court on August 15, 2003. ("Memorandum In Support Of § 2254 Motion Of Arvie R. Burch," p. 2.) That motion was dismissed on September 17, 2003, and Petitioner's subsequent appeal of that ruling was also unsuccessful. (Id.) See Burch v. State, No. AO3-1750, (Minn.App.2004), 2004 WL 1557822 (unpublished opinion), rev. denied (Sept. 29, 2004).

On March 1, 2005, Petitioner filed his current federal habeas corpus petition, which lists four grounds for relief:

(1) that "the police violated Petitioner's 4th Amendment [rights] by not securing a search warrant;"

(2) that Petitioner was deprived of his Fifth Amendment rights, because the prosecutor improperly called attention to the fact that Petitioner had exercised his right to remain silent during a police inquiry;

(3) that Petitioner was deprived of his Fourteenth Amendment rights of due process and equal protection, because the trial court allegedly considered evidence outside of the

2

stipulated facts that were before the court; and

(4) that Petitioner was deprived of his constitutional rights under the Sixth and Fourteenth Amendments, because the trial court allegedly "exaggerated his criminality" at sentencing, and because he allegedly received ineffective assistance of counsel.

(Petition, [Docket No. 1], pp. (5)-(6), § 12.)

None of Petitioner's current habeas corpus claims can be entertained on the merits, however, because the instant petition is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any indication that Petitioner's claims are based on any newly-recognized constitutional right or any new evidence that could not have been discovered earlier.[2] Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction became final on direct review on April 1, 1997, when the Minnesota Court of Appeals dismissed Petitioner's direct appeal pursuant to a "Stipulation for Dismissal. ("Memorandum In Support Of § 2254 Motion Of Arvie R. Burch,"

---

[2] The Court notes that in Petitioner's second state post-conviction action, the Minnesota Court of Appeals considered whether Petitioner was entitled to any relief under Blakely v. Washington, 124 S.Ct. 2531 (2004). The Court of Appeals concluded that Petitioner did not have an actionable Blakely claim. Burch, 2004 WL 1557822 at *3. No Blakely claim is listed in Petitioner's current habeas corpus petition; but even if he had presented such a claim, it would not affect the statute of limitations analysis, because Blakely has not been held to be retroactively applicable on collateral review. See Johnson v. Briley, No. 03 C 4571, (N.D.Ill. 2005), 2005 WL 309537 at *3 (statute of limitations pertinent to a Blakely claim does not begin to run on the date when Blakely was decided, pursuant to 28 U.S.C. § 2244(d)(1)(C), because Blakely has not been made retroactively applicable on collateral review).

4

p. 2.) Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final, and the one-year statute of limitations began to run, on April 1, 1997. The statute of limitations set by § 2244(d)(1)(A) expired one year later, on April 1, 1998.

Petitioner did not file his current habeas corpus petition, however, until March 1, 2005, which was nearly seven years after the statute of limitations deadline in this case. It is therefore readily apparent that the instant petition is time-barred, unless it can be saved by the tolling provisions of § 2244(d)(2).

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner properly commences a post-conviction action in state court. The statute remains tolled during the entire period of time that such post-conviction proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). In this case, however, the tolling provisions of § 2244(d)(2) cannot aid Petitioner, because the statute of limitations had already expired before he sought post-conviction relief in the state courts. The statute of limitations expired on April 1, 1998, and Petitioner did not file his first state post-conviction motion until March 14, 2002, which was nearly four years after the statute of limitations deadline. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year

statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction actions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his post-conviction proceedings were complete. That, however, is simply not the case. As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

Again, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because the federal statute of limitations had already expired before he first sought post-conviction

relief in the trial court. By the time Petitioner filed his first post-conviction motion, it was already too late to toll the federal statute of limitations.

## III. CONCLUSION

For the reasons discussed herein, the Court concludes that Petitioner's habeas corpus action is time-barred pursuant to 28 U.S.C. § 2244(d), and that this case should be summarily dismissed pursuant to Rule 4 of the Governing Rules. Moreover, because Petitioner is now statutorily ineligible for federal habeas corpus relief, the Court will recommend that this action be dismissed with prejudice.

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily DENIED;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

    3.  This action be DISMISSED WITH PREJUDICE.

DATED:  March 10, 2005

                                                    s/ Arthur J. Boylan  
                                                ARTHUR J. BOYLAN  
                                                United States Magistrate Judge

      Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 24, 2005.