```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
              Civil No. 05-442(DSD/AJB)
```

Arvie R. Burch, suing as
Arvie Ray Burch,

       Petitioner,

v.                                                **ORDER**

State of Minnesota,

       Respondent.

     This matter is before the court upon petitioner's objections to the report and recommendation of Magistrate Judge Arthur J. Boylan dated March 10, 2005. In his report, the magistrate judge recommended that petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. After a de novo review of the file and record, the court adopts the report and recommendation in its entirety.

     The court agrees with the magistrate judge that the Anti-terrorism and Effective Death Penalty Act ("AEDPA") bars petitioner's claim. AEDPA provides for a one-year statute of limitations as follows:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

      **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
      **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The magistrate judge correctly recounted the time line in this case. For purposes of § 2244(d)(1)(A), petitioner's judgment of conviction became final, and the one-year statute of limitations began to run, on April 1, 1997, – when petitioner's appeal was dismissed by stipulation. The statute of limitations set by § 2244(d)(1)(A) expired one year later, on April 1, 1998. Petitioner filed post-conviction motions in state court on March 14, 2002, and August 15, 2003. Petitioner did not file his current application for habeas corpus relief until March 1,

2005, several years after the statute of limitations expired. The magistrate judge correctly concluded that petitioner's habeas corpus action is time-barred pursuant to 28 U.S.C. § 2244(d).

In his objections, petitioner briefly sets forth the merits of his present motion and argues that he received inadequate representation for his direct appeal. Such assertions are not relevant to whether the statute of limitations for collateral review has run. Petitioner also argues that he raised Blakely v. Washington, 124 S. Ct. 2541 (2004), issues in his post-conviction motions before the Minnesota Court of Appeals. Petitioner apparently alleges that the statute of limitations should be tolled based on a newly recognized constitutional right. See 28 U.S.C. § 2244(d)(1)(C). However, petitioner has asserted no Blakely claim in his current petition.[1] For all of the above reasons, petitioner's motion is denied.

After a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is denied.

---

[1] In addition, the magistrate judge correctly concluded that even if petitioner had brought a Blakely claim, his motion would be denied because Blakely does not apply retroactively to matters on collateral review. See United States v. Stoltz, 325 F. Supp. 2d 982, 987 (D. Minn. 2004).

    2.    Petitioner's application to proceed in forma pauperis [Doc. No. 3] is denied.

    3.    This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 31, 2005

                                                <u>s/David S. Doty</u>
                                                David S. Doty, Judge
                                                United States District Court